## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO: 1:20-cv-23734

**MARY ZNANIEC,** an individual

    Plaintiff,

vs.

**CARNIVAL CORPORATION d/b/a**
**CARNIVAL CRUISE LINES,**
a Panamanian corporation

    Defendant.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, Mary Znaniec, by and through her undersigned counsel, Cole Sullivan and The Valente Law Group, who files this Complaint and Demand for Jury Trial against Defendant Carnival Corporation d/b/a Carnival Cruise Lines, and, for reasons therefore, alleges and states as follows:

### PARTIES

1. Plaintiff, Mary Znaniec (hereinafter "Ms. Znaniec"), is a resident of Carroll County, Maryland.

2. Defendant, Carnival Corporation (hereinafter "Carnival"), is a corporation, organized and existing under and by the virtue of the laws of Panama. At all material times hereto, Carnival conducted business in Miami-Dade, County, Florida, and maintained corporate headquarters at 3655 NW 87th Avenue, Miami Florida, Miami-Dade County Florida.

## BACKGROUND

3. At all times material hereto, Carnival owned, operated, managed, designated and maintained the cruise ship Carnival Pride (hereinafter, the " Carnival Pride"), which was scheduled to set sail, and did set sail, on September 29, 2019, from the Port of Baltimore, located in Baltimore City, Maryland.

4. At all times material hereto, Ms. Znaniec was a fare-paying passenger on the Carnival Pride for a voyage that departed from Baltimore City, Maryland, on September 29, 2019. Ms. Znaniec embarked on the Carnival Pride's "7 Day Exotic Eastern Caribbean Cruise" under booking number 8LKF67, and VIFP# 0064613559.

5. At all times material hereto, Ms. Znaniec was a business invitee of Carnival pursuant to the contractual common carrier relationship.

6. Ms. Znaniec, by and through counsel, provided Carnival with formal written notice of her claim within 185 days of the injury event, in accordance with the terms and conditions of Carnival's passenger ticket contract (the "Contract"), and has otherwise satisfied all conditions precedent to the filing of this action. A copy of Carnival's Contract is attached as Exhibit "A," and incorporated herein by reference.

7. Specifically, counsel provided formal written notice (the "Notice") of Ms. Znaniec's claim to Carnival on January 31, 2020, one hundred and twenty (120) days after her incident. A copy of the Notice is attached as Exhibit "B," and incorporated herein by reference.

8. Furthermore, on February 26, 2020, Carnival authored a written acknowledgement (the "Acknowledgement") of Ms. Znaniec's Notice. A copy of Carnival's Acknowledgement is attached as Exhibit "C," and incorporated herein by reference.

## JURISDICTION

9. Ms. Znaniec re-alleges paragraphs one (1) through eight (8) of this Complaint as fully set forth herein.

10. Carnival is subject to the Jurisdiction of this Court pursuant to 28 USC Section 1333 and by virtue of the terms and conditions of the Contract, specifically, paragraph (13)(c). Additionally, there is complete diversity of citizenship between Ms. Znaniec and Carnival.

11. This action is brought for damages in an amount in excess of $75,000.00, exclusive of attorney's fees and costs.

## COUNT I
### (*Negligence*)

12. Ms. Znaniec re-alleges paragraphs one (1) through eleven (11) of this Complaint as fully set forth herein.

13. On or about October 3, 2019, at approximately 3:50 p.m., Ms. Znaniec, was legally on a property owned by Carnival as a fare-paying passenger, specifically, the Carnival Pride. At this time, upon information and belief, the Carnival Pride was located off the coast of Half Moon Cay, Bahamas.

14. On or about October 3, 2019, the maintenance crew, captain, officers, medical staff, and crew of the Carnival Pride were employees and apparent agents of Carnival.

15. On the date and time described above, Ms. Znaniec, was walking from the carpet to the tile flooring near the buffet on the Lido deck, when she stepped in and/or on water located on the tile floor near the buffet, causing her to slip and fall to the ground, severely injuring herself.

16. Upon information and believe at this time, Carnival employees and/or agents had recently mopped the floor where Ms. Znaniec fell, but failed to provide sufficient warning to Ms. Znaniec of the dangerous condition that Carnival created.

17. At the time of the incident, Ms. Znaniec, was unaware of the presence of the water on the tile floor, as it was not open and obvious.

18. At the time of the incident, Ms. Znaniec, was unaware that Carnival employees and/or agents recently mopped the tile near the buffet, creating a slippery surface and leaving water behind on the tile, before it caused her to slip and fall.

19. Furthermore, after Ms. Znaniec fell on water left behind by Carnival employees and/or agents, she learned that a "caution" sign was placed at the exit of the buffet line, but one was not placed near the entrance of the buffet line, where she slipped and fell.

20. Carnival, by and through its actual and/or apparent agents, servants, and/or employees, maintained the subject buffet area where Ms. Znaniec slipped and fell.

21. At all times relevant hereto, Carnival, by and through its actual and/or apparent agents, servants, and/or employees, created the unsafe condition and/or knew or should have known that the condition of the subject floor created an unsafe and/or dangerous condition to those patrons walking on the Carnival's property, including Ms. Znaniec.

22. At all times relevant hereto, Carnival, by and through its actual and/or apparent agents, servants, and/or employees, had a duty to maintain the subject buffet area in a safe and reasonable manner, not to allow a dangerous condition to exist, not to create a dangerous condition, correct or eliminate any dangerous condition on the Carnival Pride, and to warn Ms. Znaniec, of the hazardous and unsafe condition created by the wet tile floor near the buffet. Additionally, Carnival owed a duty to Ms. Znaniec to otherwise act in a non-negligent manner.

23. Carnival, by and through its actual and/or apparent agents, servants, and/or employees, breached its duties owed to Ms. Znaniec and was negligent in one or more of the following ways:

    a. failing to maintain the subject buffet area in a safe and reasonable manner. To wit; keeping the walking surface near the buffet line free of falling and/or slipping hazards;

    b. failing to warn Ms. Znaniec of the dangerous and unsafe condition it created. To wit; not providing warning to Ms. Znaniec at the entrance to the buffet alerting her to the fact that the floor was recently mopped and still wet;

    c. allowing a dangerous condition to exist upon the Carnival Pride. To wit; the recently mopped and wet floor that was still available to pedestrians and subject to pedestrian foot traffic;

    d. failing to eliminate or correct the dangerous condition it created. To wit; Carnival's failure to clean up the wet floor or provide adequate warnings to patrons so they do not walk on the wet floor while it was drying;

    e. failing to provide adequate crew members to maintain the floor area where Ms. Znaniec was walking at the time of her slip and fall;

    f. creating the dangerous condition of the floor, which caused Ms. Znaniec to slip and fall; and

    g. otherwise acting in a negligent manner, which will be explored further in discovery and may yet be to discovered.

24. The negligent conditions created a foreseeable zone of risk posing a general threat of harm to Ms. Znaniec.

25. Carnival created and/or approved the negligent conditions.

26. The negligent condition existed for such a length of time that Carnival knew or should have discovered it thorough the exercise of reasonable care under the circumstances.

27. As a direct and proximate result of the negligence of Carnival, by and through its actual and/or apparent agents, servants, and/or employees, Ms. Znaniec sustained, among other things, a pelvic fracture of the left hip, as well as severe and protracted shock to her nervous system, all of which has caused and will continue to cause her great pain, suffering and mental anguish.

28. As a direct and proximate result of the negligence of Carnival, by and through its actual and/or apparent agents, servants and/or employees, Ms. Znaniec has been forced to expend and will continue to expend in the future, large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to Ms. Znaniec sustained in this incident.

29. At no time relevant hereto was Ms. Znaniec contributorily negligent and nor did she assume the risk of injury.


WHEREFORE, the Plaintiff, Mary Znaniec, prays for judgment against the Defendant, Carnival Corporation d/b/a Carnival Cruise Lines, in the amount of five-hundred thousand dollars ($500,000.00), plus interest and costs of this suit, and for any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mary Znaniec, demands a trial by jury in the above-captioned matter on all issues so triable.

___/s/_____
Cole J. Sullivan, Esq.

Respectfully submitted:

The Valente Law Group

___/s/_____
Cole J. Sullivan, Esq.
Florida Bar: 106202
2200 Defense Hwy., Ste. 304
Crofton, Maryland 21114
410-451-1777
csullivan@valentelawgroup.com
Counsel for Plaintiff